UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MICHAEL TILLEMA, KIM TIL-
LEMA,

  *Plaintiffs*,

v.

MERIDIAN SECURITY INSURANCE
COMPANY,

  *Defendant*.

Case No. SA-24-CV-00661-JKP

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment. *ECF No. 19*. Plaintiffs Responded. *ECF No. 21*. Upon consideration, the Motion is GRANTED IN PART AND DENIED IN PART.

### Undisputed Factual Background

Plaintiffs Michael Tillema and Kim Tillema (the Tillemas) held a homeowner's insurance policy with Meridian Security Insurance Company (Meridian). This case arises from the Tillemas' claim for coverage benefits due to alleged wind and hail damage to their property caused by an alleged hailstorm on April 26, 2022. After Meridian acknowledged the claim, an independent adjusting firm inspected the Property. From the report and photographs provided by the inspection, Meridian determined the alleged damage appeared to have occurred prior to the subject storm, and Meridian determined from a Benchmark weather report that no hail event occurred at or near the Property on the date of the subject storm event. On May 18, 2022, Meridian issued a denial-of-coverage letter to the Tillemas. The Tillemas hired an independent contractor

to inspect the property, who recommended replacement of the entire roof and provided a CoreLogic weather report also indicating no hail at or within one mile of the Property on the date of the alleged storm. The parties reached an impasse as to the coverage question.

The Tillemas filed this action on June 13, 2024. Based upon allegations that Meridian failed to satisfy its insurance coverage liability, the Tillemas asserted causes of action for breach of the insurance contract, violations of the Texas Insurance Code § 541 for unfair settlement practices, violation of the Prompt Payment Act in Texas Insurance Code § 542, and common law breach of duty of good faith and fair dealing. *ECF No. 1, exh. 4*.

Meridian filed this Motion for Summary Judgment on all asserted causes of action.

## Legal Standard

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine

dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994). To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## Discussion

### Breach of Contract

Meridian contends it is entitled to summary judgment on the Tillemas's breach of contract cause of action because they must "present evidence of a direct physical loss caused by a covered peril during the Policy period. Here, however, [the Tillemas] have no evidence, such as engineering opinion, forensic analysis, and meteorological analysis, identifying damage from hail or wind during the applicable policy period." Meridian goes on to discuss the deficiencies in the Tillemas's evidence.

Based upon its arguments for summary judgment, Meridian attempts to assert this Motion as a "no-evidence" summary judgment motion. Meridian repeatedly contends the Tillemas's evidence fails to establish necessary elements of the breach of contract cause of action.

Federal courts do not recognize the no-evidence motion for summary judgment; this type of motion may be filed in Texas state courts, but not in any federal court. *Wilson v. Tessmer Law Firm, PLLC*, 483 F.Supp.3d 416, 423–24 (W.D. Tex. 2020); *Bank of Am., N.A. v. Fulcrum Enterprises, LLC*, 20 F.Supp.3d 594, 602 (S.D. Tex. 2014). In a federal court, the party moving for summary judgment must inform the court of the basis for the summary judgment motion and

must point to relevant excerpts from pleadings, discovery, admissions, or affidavits that demonstrate the absence of genuine factual disputes. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

Meridian argues only that the Tillemas have no evidence to prove essential elements of their cause of action and discusses various pieces of evidence to argue these do not establish essential elements. Meridian does not point to specific evidence which establishes the absence of genuine factual disputes on essential elements, and thereby, establishing its entitlement to summary judgment as a matter of law. For this reason, Meridian fails to satisfy its summary judgment burden of proof. *See Celotex Corp.,* 477 U.S. at 323; *Adams*, 465 F.3d at 163. The burden does not shift to the Tillemas to present summary judgment evidence to raise a genuine dispute of material facts whether the alleged damaged was caused by the subject storm and whether the alleged damage is covered under the Policy.

For this reason, Meridian's Motion for Summary Judgment on the Tillemas's breach of contract cause of action will be denied.


**Violations of the Texas Insurance Code § 541 for Unfair Settlement Practices**

Meridian contends it is entitled to summary judgment on the Tillemas's cause of action asserting violations of the Texas Insurance Code § 541 because "there is no evidence to support [their] allegations. . . " and they 'have not identified a single specific misrepresentation of material fact or policy provision to prove violation. . . ." Meridian goes on to discuss various pieces of evidence to argue these do not establish essential elements.

Meridian does not point to specific evidence which establishes the absence of genuine factual disputes on essential elements, and thereby, establishing its entitlement to summary

judgment as a matter of law. For this reason, Meridian fails to satisfy its summary judgment burden of proof. *See Celotex Corp.,* 477 U.S. at 323; *Adams*, 465 F.3d at 163. The burden does not shift to the Tillemas to present summary judgment evidence to raise a genuine dispute of material facts. Meridian's Motion for Summary Judgment on the Tillemas's cause of action asserting violations of the Texas Insurance Code § 541 will be denied.

**Violation of the Prompt Payment Act in Texas Insurance Code § 542**

In their Original Petition, the Tillemas assert several violations of the Prompt Payment Act under the Texas Insurance Code: (1) §542.055 for Meridian's failure to acknowledge receipt of their claim, commence investigation of the claim, and request from them all items, statements, and forms that it reasonably believed would be required within the applicable time constraints; (2) §542.056 for Meridian's failure to notify the Tillemas of its acceptance or rejection of the claim within applicable time constraints; (3) §542.058 for Meridian's delay of payment on the Tillemas's claim following its receipt of all items, statements, and forms reasonably requested and required. Meridian contends it is entitled to summary judgment on all of these alleged violations and presents evidence to demonstrate its compliance.

Texas Insurance Code §542.055 requires that an insurer acknowledge the claim, commence its investigation, and request necessary documents within 15 days of the insured reporting the claim. Texas Insurance Code § 542.056 requires an insurer to notify an insured in writing whether it accepts or rejects a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss. Texas Insurance Code § 542.058 requires an insurer to pay a claim within 60 days of receipt of all items, statements, and forms reasonably requested and required under § 542.055.

Meridian presents evidence of the Tillema's submission of the original claim of loss on April 26, 2022, and its acknowledgment on the same day. *ECF No. 19-2*. Meridian presents communications demonstrating it began an investigation and inspected the Property on May 6, 2022. *Id. at 19-3*. The Tillemas received a letter dated May 18, 2022, denying coverage. *ECF No. 1, exh. 4*. Based upon this undisputed evidence, the burden shifts to the Tillemas to demonstrate Meridian did not comply with these statutory requirements.

In response, the Tillemas present no evidence, but simply argue "there is ample evidence regarding the covered damages at [the Tillemas's] Property. Should a jury agree, the Prompt Payment of Claims Act would subject [Meridian] to penalties for not timely paying the claim." This unsubstantiated assertion and conclusory statement is not sufficient to defeat Meridian's showing of entitlement to summary judgment. *See Brown v. City of Houston, Tex.*, 337 F.3d at 541; *Eason,* 73 F.3d at 1325.

Because the Tillemas fail to identify specific evidence in the record which raises a genuine dispute of material fact, Meridian is entitled to summary judgment on the Tillemas's cause of action for violation of the Prompt Payment Act in Texas Insurance Code §§ 542.055, 542.056, and 542.058. *See Ragas*, 136 F.3d at 458.

**Common Law Breach of Good Faith and Fair Dealing ("Bad Faith")**[1]

An insurer holds a duty to deal fairly and in good faith with its insureds. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995); *Bates v. Jackson Nat'l. Life Ins. Co.*, 927 F. Supp. 1015, 1021 (S.D. Tex. 1996). An insurer breaches this duty and will be liable if it "knew or should have known that it was reasonably clear that the claim was covered." *Universe Life Ins.*

---

[1] Typically, a cause of action asserting breach of good faith and fair dealing is referred to colloquially as a "bad faith claim."

*Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997); *United States Fire Ins. Co. v. Williams,* 955 S.W.2d 267, 268 (Tex. 1997). Consequently, under this reasonably-clear standard for determination of liability, "an insurer breaches its duty of good faith and fair dealing by denying a claim when the insurer's liability has become reasonably clear." *State Farm Fire & Cas. Co. v. Simmons,* 963 S.W.2d 42, 44 (Tex. 1998); *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997); *see also Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 537 (S.D. Tex. 1999).

"As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997). This determination of bad faith does not focus on whether the insured's coverage claim was valid, but, instead, on the reasonableness of the insurer's conduct in rejecting the claim. *Id*. Facts and evidence that show only a *bona fide* coverage dispute do not rise to the level of bad faith to impose liability. *Simmons,* 963 S.W.2d at 43; *Williams,* 955 S.W.2d at 268; *Nicolau,* 951 S.W.2d at 448; *Douglas*, 37 F. Supp. 2d at 537.

Similarly, an insurer is obligated to adequately investigate a claim before denying it. *Giles*, 950 S.W.2d at 56 n.5. "An insurer will not escape liability merely by failing to investigate a claim so that it can contend that liability was never reasonably clear. Instead, we reaffirm that an insurance company may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim." *Id*. "The scope of the appropriate investigation will vary with the claim's nature and value and the complexity of the factual issues involved." *Simmons*, 963 S.W.2d at 44–45. If an insurer fails to conduct a reasonable investigation, it cannot assert that a bona fide coverage dispute exists. *Id*. An insurer fails to reasonably investigate a claim if the investigation is conducted as a pretext for denying the claim, was conducted with an "outcome ori-

8

ented" approach, or an expert's report was not objectively prepared. *See, e.g., Nicolau*, 951 S.W.2d at 458; *Simmons*, 963 S.W.2d at 44-45.

Although the issue whether an insurer acted in bad faith, or the reasonableness of the insurer's conduct, is usually a question of fact for the jury, a court may determine as a matter of law that undisputed record evidence establishes an insurer had a reasonable basis for denying or delaying a claim payment. *See Alvarez v. State Farm Lloyds*, No. SA-18-CV-01191, 2020 WL 1033657, at *4 & n.2 (W.D. Tex. Mar. 2, 2020). If the insurer satisfies this summary judgment burden, the burden shifts to the insured, and a court then must determine whether the insured failed to present evidence sufficient to support a bad faith claim. *See id*.

To meet its burden in this Motion for Summary Judgment, Meridian must present undisputed record evidence that establishes, as a matter of law, it had a reasonable basis for denying or delaying payment on the Tillemas's coverage claim. As support for summary judgment, Meridian presents evidence of the Tillemas's original claim form and its acknowledgment correspondence. Meridian then submits file notations and correspondence with Michael Tillema. However, Meridian fails to explain how these excerpts from the claim file support its position for summary judgment here. Instead, Meridian provides only conclusory statements this evidence "reflects that Meridian conducted a prompt and thorough claim investigation. Meridian promptly acknowledged [the Tillemas's] claim and retained an independent adjuster to inspect the Property. Meridian further responded to the additional materials submitted on [the Tillemas] behalf. As such, there is no evidence of 'when liability was reasonably clear.'"

Again, Meridian argues only that the Tillemas have no evidence to prove essential elements of their cause of action and present various pieces of evidence to argue the Tillemas have no evidence of when liability was clear. Meridian does not point to specific evidence which es-

9

tablishes the absence of genuine factual disputes on essential elements, and thereby, establishing its entitlement to summary judgment as a matter of law. For this reason, Meridian fails to satisfy its summary judgment burden of proof. *See Celotex Corp.,* 477 U.S. at 323; *Adams*, 465 F.3d at 163. The burden does not shift to the Tillemas to present summary judgment evidence to raise a genuine dispute of material facts.

Further, this evidence is not sufficient to show Meridian is entitled to summary judgment as a matter of law on this cause of action because these conclusory statements and attached evidence are insufficient to show definitively that Meridian had a reasonable basis to delay payment of the Tillemas's claim. Therefore, the burden does not shift to the Tillemas to present summary judgment evidence to raise a genuine dispute whether Meridian conducted a reasonable investigation, or that Meridian's investigation was calculated to underestimate or under-pay the Tillemas's insurance claim. *See Nicolau*, 951 S.W.2d at 458; *Simmons*, 963 S.W.2d at 45.

Because Meridian fails to satisfy its summary judgment burden, its Motion for Summary Judgment will be denied as it pertains to this cause of action.

## Conclusion

For the reasons stated, Meridian's Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART. The Tillemas's causes of action of breach of contract, violations of the Texas Insurance Code § 541 for unfair settlement practices, and common law breach of duty of good faith and fair dealing will proceed. The Tillemas's cause of action of violation of the Prompt Payment Act in Texas Insurance Code § 542 is dismissed.

It is so ORDERED.
SIGNED this 7th day of October, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE